# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEARS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | 3:20-cv-00086-CAR |
| JONATHAN BRADLEY, individually | ) | |
| and in his capacity as an employee | ) | |
| SHERIFF STACY JARRARD | ) | |
| Individually and in Official | ) | |
| Capacity as Lumpkin County Sheriff, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## AMENDED COMPLAINT

NOW COMES Plaintiff, **CHRISTOPHER SEARS**, and files this Amended Complaint, showing the Court as follows:

1.

Defendant **JOHNATHAN BRADLEY** (hereinafter "BRADLEY") is one of the persons who is subject to the jurisdiction and venue of this court and individually harmed Plaintiff in this matter, and may be served at his home address at 927 Cawthon Road, Canon GA, 30520. He may also be found at his place of employment, 1529 Knox Bridge Crossing Road, Lavonia GA 30553.

2.

Defendant **STACY JARRARD** (hereinafter "Jarrard") is and was, at the time of the events described herein, the Sheriff of Lumpkin County, an elected government official responsible for the actions of law enforcement in Lumpkin County as well as conditions and treatment in the county jail, and is subject to the jurisdiction and venue of this court. Jarrard may be served at the sheriff's office, located at 385 E. Main Street, Dahlonega, Georgia 30533.

3.

Due to the "Order Declaring Statewide Judicial Emergency" (as extended) entered on March 14, 2020, the statute of limitations for filing this case was tolled for the duration of the Order, extending the deadline an equal amount of time.

## FACTUAL BACKGROUND FOR CLAIMS

4.

Every year, an informal group called the "Rainbow Family" invites all people interested in peace, love, and unity to assemble on public land for a primitive camping event ("Rainbow Gathering"). Attendees enjoy fellowship, nature, music, art, and other educational and spiritual experiences. They cooperate to ensure a safe and healthy environment during the gathering and engage in extensive clean up afterwards, leaving the forest in better condition than before they were there.

In response, the U.S. Forest Service and other agencies spend hundreds of

thousands of dollars, yearly, to spread fear about attendees, harass attendees, and conspire with state and local law enforcement to harass, search, intimidate, and otherwise interfere with the Rainbow Gathering by violating the constitutional rights of attendees.

5.

In late June and early July of 2018, a Rainbow Gathering was held in Lumpkin County, Georgia in the Chattahoochee National Forest.

6.

The Lumpkin County Sheriff's Office, and specifically Defendant Jarrard, in collaboration with other law enforcement and government agencies, set up road checkpoints (or "roadblocks") to search vehicles and people coming into the Rainbow Gathering, while not bothering other individuals in the area.

7.

Defendant Jarrard ensured and ordered a significant increase in law enforcement presence at the Rainbow Gathering, involving multiple agencies from around the state.

8.

Defendant Jarrard, in collaboration with other law enforcement and government agencies, conducted operations to funnel Rainbow Gathering attendees

through the roadblocks by closing off multiple public roads.

9.

Defendant Jarrard knew about, encouraged, trained, and otherwise advocated for his deputy sheriffs to search vehicles without probable cause or consent, including but not limited to claiming the smell of illegal substances emanating from vehicles or people when there was no such smell, in order to justify detention, search, and/or arrest.

10.

Throughout the Rainbow Gathering, unconstitutional searches, as well as other seizures and detentions, were conducted through the roadblocks.

11.

The roadblocks enacted by Defendant Jarrard, in collaboration with other law enforcement and government agencies, were conducted solely to detain, investigate, and otherwise delay, harass, and target Rainbow Gathering attendees, while similarly situated local residents were not stopped, quickly released, and/or sent on their way with little inconvenience due solely to their residence or non-affiliation with the Rainbow Gathering.

12.

In addition to roadblocks, Rainbow Gathering attendees on foot were also

stopped and harassed by officers, with false allegations of criminal activity based on fabricated smells, sights, or actions.

13.

Generally, Defendant Jarrard, in collaboration with other law enforcement and government agencies, was seeking to interact with, detain, harass, and interfere with Rainbow Gathering attendees' First Amendment rights to peacefully assemble and associate, by interjecting law enforcement personnel into the Rainbow Gathering event without legal cause or reason.

14.

Defendant Jarrard's activities, in collaboration with other law enforcement and government agencies, caused arrests of some attendees of the Rainbow Gathering for various charges, many of which were fabricated or created based on violations of the attendees' Fourth Amendment right to be free from unreasonable searches or seizures, in retaliation for protected First Amendment speech, assembly, and association, and/or violations of the Fourteenth Amendment guarantee of equal protection.

15.

After being arrested, many of the Rainbow Gathering arrestees were taken to the Lumpkin County jail, under the control of and managed by Lumpkin County

Sheriff, Defendant Jarrard.

16.

The Lumpkin County jail, during and following the Rainbow Gathering, was overcrowded and many male inmates were forced to sleep on floors.

17.

In the jail, Defendant Jarrard's employees told many Rainbow Gathering arrestees that they did not have a right to a speedy trial. Many arrestees were specifically denied access to counsel or any ability to communicate with potential legal representation or file documents with the courts in their pending criminal matters.

18.

The "kiosk" system, used by Defendant Jarrard within the jail to act as a buffer between inmates and human interaction, was used to deny many Rainbow Gathering arrestees their right to legal counsel, medical treatment, and/or any ability to communicate with the outside world.

19.

Many Rainbow Gathering arrestees were subjected to dirty, mold-infested cells, lack of food, lack of medical treatment, and other disturbing and unlawful conditions while in the custody of the Defendant Jarrard and the Lumpkin County

jail.

20.

Many Rainbow Gathering arrestees were told that they could not see a judge, or were taken in front of a judge more than 72 hours after their arrest and incarceration, in violation of state law.

21.

Defendant Jarrard encouraged the companies that provide bonds in Lumpkin County to refuse to work with Rainbow Gathering arrestees, which contributed to lengthening their incarceration.

22.

Defendant Jarrard's treatment, and his subordinates' treatment, of Rainbow Gathering attendees and arrestees was part of a policy and practice designed to inflict extra-judicial punishment on Rainbow Gathering attendees.

23.

Defendant Jarrard's treatment, and his subordinates' treatment, of Rainbow Gathering attendees and arrestees was a policy and practice to encourage, coerce, and/or force Rainbow Gathering attendees to plead guilty.

24.

Due to Defendants' actions, many Rainbow Gathering arrestees were

incarcerated for weeks based on charges typically expected to lead to release well within a few days, or a release on a citation.

25.

Due to the unconstitutional mistreatment of Rainbow Gathering arrestees, many cases against them have been, or will be, dismissed or otherwise resolved in their favor.

**PLAINTIFF'S ACTIVITY**

26.

Plaintiff was an attendee at the Rainbow Gathering, and incorporate all previous paragraphs.

27.

Plaintiff was pulled over neither for no traffic violation, nor unsafe driving, at one of the roadblocks established or encouraged, permitted, or directed to be established by Defendant Jarrod, and was subjected to Standardized Field Sobriety Tests (SFSTs) on the side of the road, without probable cause, by Defendant Bradley.

28.

Upon the conclusion of the SFSTs, Defendant Bradley alleged that Plaintiff was under the influence despite no evidence of this, as memorialized in video of the

incident. Defendant then placed the Plaintiff under arrest and read him implied consent.

29.

Defendant Bradley falsely stated that Plaintiff failed the SFSTs, in order to create a false pretext to arrest Plaintiff.

30.

Plaintiff's vehicle was subject to a warrantless search without Plaintiff's consent, probable cause, or a warrant, and then was arrested and placed in handcuffs without being mirandized. The roadblock itself was unconstitutional, and was designed for general crime enforcement and not a constitutionally permissible purpose.

31.

Defendant Bradley arrested Plaintiff for Possession of a Controlled Substance with Intent to Distribute, Possession of a Schedule 1 Controlled Substance, and Driving Under the Influence Less Safe Drugs in an unlawful manner in violation of his 4th Amendment Rights and rights under O.C.G.A. § 16-5-41.

32.

Defendant Bradley's action of arresting Plaintiff was part of a pattern and practice, arising to the level of a policy, by Defendant Jarrard of harassing and

arresting Rainbow Gathering attendees without probable cause, and in retaliation for their exercise of First Amendment rights of freedom of speech, assembly, and association.

33.

Defendants were, at all times relevant, operating under color of law.

## **FOURTH AMENDMENT CLAIMS**

34.

Plaintiff incorporates all previous paragraphs.

35.

Plaintiff has a constitutional right to be free from unlawful searches, seizures, and arrest without probable cause, and Defendants' roadblock was unconstitutional and therefore unlawful, as it was set up to generally harass, detain, and arrest Rainbow Gathering attendees, regardless of probable cause.

36.

Plaintiff's civil and constitutional rights were violated when he was detained and searched despite no evidence of committing a crime and doing nothing to justify a reasonable suspicion of criminal activity.

37.

Plaintiff did not consent to any search, or conduct any activity that could be

construed as criminal, prior to being searched.

38.

Plaintiff was arrested by Defendants on or about June 29, 2018 for no lawful reason, and subsequently, and maliciously, prosecuted.

39.

There was no probable cause, arguable or otherwise, to arrest Plaintiff, prior to Defendants' arrest of him.

40.

Plaintiff was in jail from no earlier than June 29th 2018, until at least July 1, 2018 due to his unlawful arrest, imprisonment, and prosecution.

41.

On or about October 29, 2019, Lumpkin County Superior Court Judge Joy Parks entered an Order granting a Motion to Suppress the stop of Plaintiff, specifically stating in that Order that there was "…objectively no probable cause to believe that he was an impaired driver…", that testimony regarding the purpose of the roadblock "…suggests an impermissible primary purpose of general crime enforcement…", and that "The Court finds that the officer is not credible as to the odor of marijuana being present to any degree that would justify a search of Sears' vehicle.". Plaintiff agrees with the Court and alleges those facts herein.

## FIRST/FOURTEENTH AMENDMENT VIOLATIONS

42.

Plaintiff incorporates all previous paragraphs.

43.

Plaintiff has a constitutional right to equal protection under the law, namely, he should not be specifically or individually targeted due to his race, sex, or his desire to associate with the Rainbow Family. Instead, Defendants set up a roadblock specifically to target him due to his desire to associate with the Rainbow Gathering.

44.

Plaintiff has a right to freely associate with groups, including social or political groups, without harassment or discrimination by the government. Defendants, through their unlawful roadblock and unlawful detention, targeted and retaliated against Plaintiff due to his association with the Rainbow Family and Rainbow Gathering, in violation of his First Amendment rights.

45.

Plaintiff's right of association was violated by the targeting of him based on his affiliation, as well as arresting him without cause due to his association with the group.

46.

Plaintiff's rights under the fourteenth amendment were violated because he, as well as other members of the group, were denied equal protection of the law by being targeted not only due to his social affiliation, but due to his residence.

### STATE LAW CLAIMS –False Imprisonment/Arrest

47.

Plaintiff incorporates all previous paragraphs.

48.

Defendants have a statutory duty pursuant to O.C.G.A. § 16-5-41 to protect against false imprisonment.

49.

Defendants breached their duty to Plaintiff by arresting Plaintiff without probable cause or necessity.

50.

All criminal charges against Plaintiff have been terminated in his favor.

51.

There was no lawful cause to arrest, imprison, or prosecute Plaintiff.

52.

Due to Defendants' actions in breaching their duties to Plaintiff, Plaintiff suffered significant pain and distress during and after his incarceration.

53.

Due to Defendants' actions, Plaintiff had to obtain legal counsel as well as spend time in jail with the threat of incarceration and prosecution persisting.

54.

Plaintiff suffered reputational, and monetary damages as a result of Defendants' actions of having Plaintiff detained, arrested, and imprisoned, Plaintiff is entitled to all attorney's fees and costs of this action when resolved in Plaintiff's favor.

## **PUNITIVE DAMAGES**

55.

All preceding paragraphs are incorporated herein.

56.

The actions of Defendants, as set forth above, show intentional and willful misconduct, wantonness, and that entire want of care which raises the presumption of a conscious indifference to the consequences of their actions. Accordingly, Plaintiff seeks punitive damages pursuant to O.C.G.A. § 51-12-5.1 and Federal law.

**WHEREFORE**, Plaintiff prays:

(a) That Summons issue requiring Defendants to be and appear in this Court within the time provided by law to answer this Complaint;

(b) That Plaintiff receive a Jury Trial;

(c) That Plaintiff receive favorable Judgment against Defendants for Compensatory Damages and General Damages as provided by law;

(d) That Plaintiff be awarded Punitive Damages and Attorney's Fees as provided by law;

(e) That injunctive relief be granted, ordering Defendants to refrain from targeting Rainbow Gathering attendees in violation of the Fourteenth Amendment;

(f) That Plaintiff have such other additional relief as the Court may consider equitable and/or appropriate, given the circumstances of this case.

Respectfully Submitted, this <u>August 27, 2020.</u>

<u>/s/ Jordan Johnson</u>
Jordan Johnson
Georgia State Bar No. 673643
Attorney for Plaintiff

Bernard & Johnson, LLC
5 Dunwoody Park
Suite 100
Atlanta, GA  30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER SEARS, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Civil Action File No. |
| | ) | 3:20-cv-00086-CAR |
| JONATHAN BRADLEY, individually | ) | |
| and in his capacity as an employee | ) | |
| SHERIFF STACY JARRARD | ) | |
| Individually and in Official | ) | |
| Capacity as Lumpkin County Sheriff, | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day forwarded a true and correct copy of this

**Amended Complaint** to counsel of record *via* the CM/ECF System:

This 27th day of August, 2020.

                                         /s/ Jordan Johnson
                                         Jordan Johnson
                                         Georgia State Bar No. 673643
                                         Attorney for Plaintiff

5 Dunwoody Park
Suite 100
Atlanta, GA 30338
404.477.4755
404.592.9089 (Fax)
Alex@Justice.Law